UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

Hampton Transportation Ventures, Inc.            Chapter 7
*dba* Hampton Luxury Liner, et al.

                                                  Case No. 15-73837-AST
                                                  Case No. 16-71172-AST
                                                  Case No. 16-71189-AST
                                                  (Substantively Consolidated)

                         Debtor(s).
-------------------------------------------------------------------x
Allan B. Mendelsohn, as Chapter 7 Trustee of the
Estate of Hampton Transportation Ventures, Inc.
dba Hampton Luxury Liner, et al.

                    Plaintiff/Counter-Defendant,

       -against-                                                     Adv. Pro. No. 17-08246-AST

William Schoolman,

                    Defendant/Counter-Claimant.
-------------------------------------------------------------------x

## DECISION AND ORDER DISMISSING DEFENDANT'S COUNTERCLAIMS AND STRIKING DEFENDANT'S REQUEST FOR A JURY TRIAL IN PART

### *Factual Background*

On September 8, 2015, Hampton Transportation Ventures, Inc. *dba* Hampton Luxury Liner ("HTV") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") under Case No. 15-73837 ("Lead Case"). [Lead Case Dkt. No. 1]

On May 2, 2016, the Court entered an order directing that HTV's case be jointly administered with the related cases of Schoolman Transportation System, Inc. (Case No. 16-71172) and 1600 Locust Avenue Associates, LLC (Case No. 16-71189) (collectively, with HTV, "Debtors"). [Lead Case Dkt. No. 58]

On May 11, 2016, the Court entered an order approving the appointment of Allan B. Mendelsohn as Chapter 11 Trustee of Debtors (the "Trustee").  [Lead Case Dkt. No. 70]

On February 21, 2017, the Court entered an order converting Debtors' jointly administered Chapter 11 bankruptcy cases to Chapter 7 of the Bankruptcy Code. [Lead Case Dkt. No. 150]. Upon conversion, the Trustee was appointed to serve as the Chapter 7 trustee of Debtors' case. [Lead Case Dkt. No. 152]

On July 6, 2017, the Court entered an order substantively consolidating Debtors' bankruptcy cases. [Lead Case Dkt. No. 192]

On September 8, 2017, the Trustee commenced the present adversary proceeding (the "Adversary Proceeding") against William Schoolman ("Defendant"), Trax Insurance, Ltd. and National Interstate Insurance Co. by the filing of a complaint. [Adv. Pro. Dkt. 1]

On January 11, 2018, the Trustee filed an amended complaint (the "Amended Complaint"). [Adv. Pro. Dkt. 16]  The Amended Complaint removed Trax Insurance, Ltd. and National Interstate Insurance Co. as parties to the Adversary Proceeding.

On March 23, 2018, Defendant filed an answer to the Amended Complaint with counterclaims (the "Answer"), asserting twelve (12) counterclaims against the Trustee for, *inter alia*, abuse of process, breach of fiduciary duty, and libel and defamation of character (collectively the "Counterclaims", and each of the Counterclaims individually a "Counterclaim").[1] [Adv. Pro. Dkt. No. 25]. Each of the Counterclaims relate to acts taken by the Trustee while serving as in his capacity as trustee during the Debtors' Chapter 11 and Chapter 7 cases. Additionally, Defendant also made a demand for a jury trial on all issues so

---

[1] In addition to the Counterclaims specifically identified, Defendant also filed counterclaims for attempted extortion, destroyed credit, conversion, and negligence.

triable (the "Jury Demand") pursuant to Rule 38 of the Federal Rules of Civil Procedure ("Federal Rule").

On April 13, 2018, the Trustee filed a motion to dismiss the Counterclaims pursuant to Federal Rule 12(b)(1) and (6) and to strike the Jury Demand, as well as a memorandum of law in support of said motion (the "Motion"). [Adv. Pro. Dkt. Nos. 26 & 27]

On May 15 and November 9, 2018, the Defendant filed affirmations in opposition to the Motion to Dismiss and Strike. [Adv. Pro. Dkts. 34 & 36]

### *Legal Standard*

The Trustee brings the dismissal portion of the Motion to Dismiss and Strike pursuant to Federal Rule 12(b)(1) and (b)(6) as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"). However, the Trustee's Motion makes no mention of Federal Rule 12(b)(1) outside of a passing reference to the subsection in the motion's title. Accordingly, the Court will focus its analysis on Federal Rule 12(b)(6).

This Court has previously addressed the application of Federal Rule 12(b)(6) and the flexible plausible pleading standard established by the Supreme Court in several published decisions. *See In re Ippolito,* Case No. 12-70632, 2013 WL 828316, at *3–*4 (Bankr. E.D.N.Y. Mar. 6, 2013) (discussing *Ashcroft v. Iqbal,* 556 U.S. 662, 677–79 (2009)) and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 546 (2007); *see also In re Int'l Tobacco Partners, Ltd.,* 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011); *In re Jones,* Case No. 10-77783, 2011 WL 1549060, at *2–*3 (Bankr. E.D.N.Y. Apr. 21, 2011); *In re Coletta,* 391 B.R. 691, 693–94 (Bankr. E.D.N.Y. 2008); *In re Lettiere*, Case No. 19-76036, 2022 WL 1547705, at *1–*2 (Bankr. E.D.N.Y. May 13, 2022). When considering a motion to dismiss, the Court must (1) "accept all factual allegations in the complaint as true, discounting legal conclusions clothed as factual garb" and (2)

"determine if these well-pleaded factual allegations state a 'plausible claim for relief.'" *In re Lettiere*, 2022 WL 1547705, at *2 (quoting *Iqbal*, 556 U.S. at 679). A claim for relief is considered to be plausible if "the factual allegations permit 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). However, courts are not bound to accept as true legal conclusions that are couched as factual allegations. *Adams v. George*, Case No. 18-cv-2630(NSR), 2020 WL 5504472, at *9 (S.D.N.Y. Sep. 8, 2020) (quoting *Twombly*, 550 U.S. at 555).

*Discussion*

*This Court will address each Counterclaim separately.*

### A. Counterclaims

#### 1. Abuse of Process

To assert a claim for abuse of process, Defendant must show that the Trustee (1) utilized regularly issued civil or criminal process, (2) with an intent to do harm without excuse or justification, and (3) the Trustee used such process in a perverted manner to obtain a collateral objective. *See Kaslof v. Global Health Alternatives, Inc.*, Case No. 98 CV 7477 (EHN), 2000 U.S. Dist. LEXIS 21053, at *15 (E.D.N.Y. June 29, 2000) (citing *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984)).

Defendant must also allege some special injury such as interference with his property or person. *Bank of Boston Intern. of Miami v. Arguello Tefel*, 644 F. Supp. 1423, 1430 (E.D.N.Y. 1986) (quoting *Tedeschi v. Smith, Barnum, Harris Upham & Co., Inc.*, 548 F. Supp. 1172, 1174 (S.D.N.Y. 1982)). The special injury requirement is only satisfied where there is a showing that a court issued a provisional remedy such as attachment, arrest, or injunction. *Id.*

Lastly, a claim for abuse of process may only be brought once a proceeding has been finally terminated in the Defendant's favor. *See In re Santangelo*, Case No. 10-78726, 2012 WL 464034, at *3 (Bankr. E.D.N.Y. Feb. 13, 2012). As such, a claim for abuse of process may not be brought as a counterclaim in the same action it seeks to challenge as abusive. *Id.*

Defendant alleges that the Trustee has committed abuse of process by commencing the Adversary Proceeding with the intent to "harm Schoolman by encumbering him with frivolous and unnecessary claims." However, Schoolman fails to allege any special injury caused as a result of the commencement of the Adversary Proceeding. *See Bank of Boston*, 644 F. Supp. at 1430. Moreover, Defendant's claim for abuse of process is untimely at this stage as the Adversary Proceeding has not been finally terminated in the Defendant's favor. *See In re Santangelo*, 2012 WL 464034, at *3.

Accordingly, the portion of the Motion seeking to dismiss Defendant's first Counterclaim for abuse of process is granted without prejudice to Defendant refiling a claim for abuse of process against the Trustee should Defendant prevail in his defense of all claims asserted by the Trustee in this Adversary Proceeding.

### 2. *Breach of Fiduciary Duty*

To assert a claim of a breach of fiduciary duty under New York law, Defendant must assert that (1) there was a fiduciary relationship between themselves and the Trustee, (2) there was some form of misconduct by the Trustee, and (3) damages occurred as a direct result of the Trustee's misconduct. *Repicci v. Jarvis*, Case No. 22-3098-cv, 2023 WL 8594049, at *2 (2d Cir. Dec. 12, 2023) (quoting *DeMartino v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 189 A.D.3d 774, 775 (2d Dep't 2020)).

Under the Bankruptcy Code, bankruptcy trustees are fiduciaries that owe fiduciary

duties to each bankruptcy estate they are appointed to oversee. *See* 11 U.S.C. § 704; 11 U.S.C. §1106; 11 U.S.C. § 1302; *see also In re Robert Plan Corp.* 439 B.R. 29, 38 (Bankr. E.D.N.Y. 2010) (citing *In re NSCO, Inc.*, 427 B.R. 165, 174 (Bankr. D. Mass. 2010)). Chapter 11 and 7 trustees have a statutory duty to preserve the property of the bankruptcy estate for the purpose of maximizing potential distributions to creditors. *See In re Metro. Elec. Mfg. Co.*, 295 B.R. 7, 11 (Bankr. E.D.N.Y. June 11, 2003) (quoting *In re Cybergenics Corp.*, 226 F.3d 237, 243 (3d Cir. 2000)).

While the Bankruptcy Code does not provide trustees immunity from suit, "courts have recognized that [they] are entitled to [quasi-judicial] immunity derived from their conduct as quasi-judicial officials." *See In re Varela*, 530 B.R. 573, 582 (Bankr. E.D.N.Y. 2015). When a trustee acts pursuant to a court order or in accordance with statutory authority, then the trustee is entitled to quasi-judicial immunity. *Id.* at 583; *see also In re Keswani*, Case No. 20-10315-JLG, 2021 WL 1016883, at *4 (Bankr. S.D.N.Y. Mar. 16, 2021) (quoting *In re Smith*, 400 B.R. 370, 377 (Bankr. E.D.N.Y. 2009).

Furthermore, trustees are given a "substantial degree of discretion" in determining how to administer an estate in any given case. *Fetman v. Musso*, Case No. 20-CV-1101 (MKB), 2021 WL 736415, at *10 (E.D.N.Y. Feb. 25, 2021) (citing *In re Kerner*, 599 B.R. 751, 756 (Bankr. S.D.N.Y. 2019)). "Courts will generally not entertain objections to the trustee's management of the debtor's estate where the trustee's conduct involves [his] good faith business judgment, is made on a reasonable basis, and is within the scope of the trustee's authority under the [Bankruptcy] Code." *Id.* (internal quotation marks and citations omitted). However, this immunity is not unlimited as trustees may be found liable for negligent or willful acts when carrying out their respective statutory or other duties. *In re Ctr. Teleproductions, Inc.*, 112 B.R.

567, 576 (Bankr. S.D.N.Y. 1990) (citing *Mosser v. Darrow*, 341 U.S. 267, 272 (1951)). Some examples of negligent or willful acts include where a trustee negligently fails to discover his or her agent's negligence, negligently obtains a court order, or negligently or willfully carries out a court order he or she knew or should have known was wrongfully procured. *Ctr. Teleproductions, Inc.*, 112 B.R. at 578.

In the Answer, Defendant asserts four (4) separate Counterclaims against the Trustee for breach of fiduciary duty arising from his time as trustee of Debtors' Chapter 7 and 11 cases. The Court will address each Counterclaim in the order they appear.

### a. Alleged breach of fiduciary duty while serving as Chapter 11 Trustee

Defendant alleges in his second Counterclaim that the Trustee breached his fiduciary duty while serving as Chapter 11 trustee and caused severe financial harm to himself and the bankruptcy estate as a result. More specifically, Defendant alleges that the Trustee (1) incompetently managed and administrated the bankruptcy estate without reasonable care, (2) failed to timely file a plan of reorganization, (3) failed to report to the Court why a plan could be formulated, (4) failed to contact or investigate any of the options submitted by RDL Acquisitions in their plan of reorganization, (5) refused to entertain lucrative opportunities to sell assets which would have resulted in a substantial increase of the financial value of the estate, (6) failed to reasonably investigate third party offers to purchase assets, (7) failed to pay bills and expenses pertaining to the estate, (7) failed to save Debtor further expenses such as insurance and fuel, and (8) paid a grossly excessive amount for professional services to help administer the estate and failed to obtain a court order permitting such excessive fees.

First, Defendant's assertion that the Trustee owed him a fiduciary duty is essentially accurate; however, Defendant has misconstrued the reason. The Trustee does not owe

Defendant a duty because he is the 100% owner of Debtor. Rather, the Trustee owes Defendant a fiduciary duty because Defendant filed proofs of claim and therefore appears to be a creditor to the bankruptcy estate. *See In re Metro. Elec. Mfg. Co.*, 295 B.R. at 11; *In re WB Bridge Hotel LLC*, 656 B.R. at 750. Thus, the Court finds Defendant has established the Trustee owed him a fiduciary duty.

However, the second Counterclaim must fail because the Trustee is a quasi-judicial officer who is immune from liability when acting in accordance with his statutory duties. *In re Varela*, 530 B.R. at 582; *In re Keswani*, WL 1016883, at *4 (quoting *In re Smith*, 400 B.R. at 377). As a bankruptcy trustee, the Trustee was given wide discretion in determining the best avenue to administer the bankruptcy estate, and Defendant has not asserted any actions taken or not taken that are outside this wide latitude. *See Fetman*, 2021 WL 736415, at *10 (internal citations omitted).

The Trustee had the right to refuse any offers or opportunities to sell any of the assets of the estate if he reasonably believed, using his good faith judgment, that the offers were not satisfactory. Moreover, while Defendant alludes to other "lucrative" offers, he fails to specifically identify the terms of a single alternative the Trustee should have considered.

Additionally, the allegations that the Trustee incompetently managed the estate, failed to save Debtor further expenses, failed to file a timely plan, and never provided the Court a reason why, are without merit. Debtor's case was converted from Chapter 11 to Chapter 7 because the Court found cause to do so. [Lead Case Dkt. No. 150] The Trustee did not file a plan because "doing so would require a significant expenditure of estate resources without changing the ultimate outcome" when it was determined that Debtors were going to liquidate their estate. [Lead Case Dkt. No. 115] According to the Trustee, converting Debtors' case from Chapter 11

to Chapter 7 was an attempt to save Debtors and their creditors further expenses by ceasing business operations. This was clearly within the discretion of the Trustee, and these portions of the second Counterclaim must fail.

Further, Defendant's assertion that the Trustee failed to obtain a court order to hire professionals to help administer the estate and grossly overpaid them is simply incorrect. The Trustee properly filed motions to retain all of their professionals and those motions were subsequently granted by this Court. [Lead Case Dkt. Nos. 73, 75, 82, 111, 118, 121, 156, 161 163, 165, 170, 193, 222, 226] In approving those motions, the Court took into consideration each of the professionals' expertise, fees and rates. No retained professional has been or would be paid without an order of this Court signed after reviewing any fee request. Accordingly, any reference to misconduct by the Trustee with regard to the retention and payment of professionals must fail.

Overall, Defendant has failed to allege that any acts taken by the Trustee were negligent or willful. *See In re Center Teleproductions, Inc.*, 112 B.R. at 578. Thus, the Trustee is protected by quasi-judicial immunity for the aforementioned actions.

Accordingly, the portion of the Motion seeking to dismiss the second Counterclaim for breach of fiduciary duty regarding the Trustee's actions taken while acting as Chapter 11 trustee is granted and the second Counterclaim is dismissed.

### b. *Alleged breach of fiduciary duty while serving as Chapter 7 Trustee*

Defendant alleges in his third Counterclaim that the Trustee breached his fiduciary duty as the Chapter 7 trustee by misappropriating funds which belonged to the estate. In that regard, Defendant claims that the Trustee made unauthorized disbursements from the estate to himself and an expert and withdrew $33,000 from a bank account owned by Better Options for Livable

Transit, LLC ("BOLT") to transfer to himself in an act of self-dealing. For two reasons, the third Counterclaim fails as a matter of law.

First, regarding the allegations of self-dealing and unauthorized disbursement, Defendant has failed to meet his burden of pleading under Federal Rule 12(b)(6). Defendant's bareboned allegations that the Trustee misappropriated funds from the estate are mere conclusory allegations which cannot withstand a motion to dismiss. *See Adams*, 2020 WL 5504472, at *4 (quoting *Twombly*, 550 U.S. at 555).

Second, Defendant lacks standing to assert a claim concerning the funds purportedly owned by BOLT. To have standing, a party must allege an injury to itself and cannot base a claim for relief on the rights or interests of third parties. *See Bluebird Partners, L.P. v. First Fid, Bank, N.A.*, 85 F.3d 970, 973 (2d Cir. 1996) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). BOLT is a third party who is not a party to the Adversary Proceeding. Defendant concedes that the $33,000 in question did not belong to Debtors and does not allege those funds belonged to him personally. As such, Defendant does not have any standing to assert any claims against the bankruptcy estate on behalf of BOLT.

Accordingly, the portion of the Motion seeking to dismiss the third Counterclaim for breach of fiduciary duty arising from the Trustee's conduct as Chapter 7 trustee is granted and the third Counterclaim is dismissed.

### c. *Small Claims Suit*

Defendant alleges in his seventh Counterclaim that the Trustee breached his fiduciary duty by failing to represent Defendant in his individual capacity regarding a small claims lawsuit that was filed well after the petition date in Suffolk County District Court in October 2016 captioned *Amityville Full Gospel Tabernacle LLC v. Schoolman Transportation System*

*Inc., et al.*, Index No. CC-00234-16/BA (the "Small Claims Suit").

Defendant fails to cite to any duty imposed upon a trustee to represent creditors of the estate in an entirely separate court proceedings which also happen to involve the Debtor. No such duty is imposed under § 704 or §1106. Here, the Trustee had broad discretion to decide whether to appear on behalf of Debtors in the Small Claims Suit to protect the estate's financial interests – which the Trustee dutifully did. The Trustee did not have any duty whatsoever to represent Defendant in his individual capacity.

Accordingly, the portion of the Motion seeking to dismiss the seventh Counterclaim for breach of fiduciary duty regarding the Small Claims Suit is granted and the seventh Counterclaim is dismissed.

### d. General breach of fiduciary duty

Defendant asserts as his twelfth Counterclaim what appears to be an additional claim for breach of fiduciary duty concerning the Trustee's actions as Chapter 11 trustee. Defendant lists several other allegations of misconduct by the Trustee between May 2016 to February 2017. However, nowhere in this particular claim does Defendant assert that he was owed any duty with respect to these actions. *See Repicci*, 2023 WL 8594049, at *2. As such, the twelfth Counterclaim is not adequately pled.

Even if the Court were to construe the twelfth counterclaim as a subset of the second Counterclaim, the allegations would fail for the same reasons discussed herein. Namely, the Trustee was acting in accordance with statutory authority and is immune from liability as a result. *In re Varela*, 530 B.R. at 582; *In re Keswani*, WL 1016883, at *4 (Bankr. S.D.N.Y. 2021) (quoting *In re Smith*, 400 B.R. at 377); *Fetman*, 2021 WL 736415, at *10 (internal citations omitted); *In re Center Teleproductions, Inc.*, 112 B.R. at 578.

Accordingly, for the foregoing reasons, the portion of the Motion seeking to dismiss the twelfth Counterclaim is granted and the twelfth Counterclaim is dismissed.

### 3. Conversion

To assert a claim for conversion under New York law, Defendant must show the following: "(1) the property subject to conversion is a specific identifiable thing; (2) [Defendant] had ownership, possession or control over the property before its conversion; and (3) [the Trustee] exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Star Auto Sales of Queens LLC v. Iskander*, Case No. 19-CV-06791 (RPK) (ST), 2022 WL 784520, at *6 (E.D.N.Y. Mar. 15, 2022) (quoting *Moses v. Martin*, 360 F.Supp.2d 533, 541 (S.D.N.Y. 2004)).

#### a. Better Options for Livable Transit, LLC (BOLT) bank account

Defendant again alleges that the Trustee withdrew $33,000 from a bank account that belonged to BOLT. However, while Defendant may be the owner of BOLT, BOLT is not a party to the Adversary Proceeding. Defendant has not plead with requisite detail that he in his individual capacity had ownership, possession or control over the $33,000 or the bank account prior to the alleged conversion. *See Star Auto Sales of Queens LLC,* 2022 WL 784520, at *6. As a result, the portion of the Motion seeking to dismiss the Counterclaim for the $33,000 is granted and that Counterclaim is dismissed.

#### b. Credit Card Expenses

Defendant also alleges that the Trustee used Defendant's credit card for business expenses in the amount of $131,351.11 which the Trustee promised to pay back but has not done so. Even taking this assertion as true, Defendant failed to allege that these payments were an unauthorized use of his credit card. In fact, Defendant even stated that he gave the Trustee

permission to use his credit card for business expenses to keep Debtor's business afloat. As such, Trustee did not exercise an unauthorized dominion or control over the credit cards in question. *See Star Auto Sales of Queens LLC,* 2022 WL 784520, at *6.

Accordingly, the portion of the Motion seeking to dismiss the fourth Counterclaim is granted and the fourth Counterclaim is dismissed.

### 4. Unjust Enrichment

To assert a claim of unjust enrichment in New York, "[Defendant] must establish the following: (1) that the [Trustee] benefitted; (2) at [Defendant]'s expense; and (3) that equity and good conscience require restitution." *In re Kellel*, Case No. 8-18-76679-las, 2022 WL 24057, at *6 (Bankr. E.D.N.Y. Jan. 3, 2022) (quoting *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)). A claim for unjust enrichment cannot be sustained if the alleged benefit received was not at the expense of the claimant. *Caro Cap., LLC v. Koch*, 653 F. Supp. 3d 108, 123 (S.D.N.Y. 2023) (quoting *Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229, 260 (S.D.N.Y. 2012). Furthermore, when a claimant proffers vague conclusory allegations rather than a showing of sufficient facts outlining how the opposing party was unjustly enriched, then dismissal is warranted. *See Royal Host Realty, LLC v. 793 Ninth Ave. Realty, LLC*, 192 F. Supp. 2d 348, 357 (S.D.N.Y. 2016).

### a. Barney Capital Ventures, Inc.

Defendant asserts in his fifth Counterclaim that the Trustee was unjustly enriched by wrongfully misappropriating $11,000 which was payable to Barney Capital Ventures, Inc. ("Barney") by taking the payment and including it as part of the bankruptcy estate. However, Defendant fails to state how this alleged misappropriation was at his own personal expense. *See In re Kellel*, 2022 WL 24057, at *6. In fact, Defendant even states that Barney is a separate

corporation which is not affiliated the Debtors and fails to mention how he had any right to the payment of that money in his individual capacity. *See Koch*, 653 F. Supp. 3d at 123.

Accordingly, the portion of the Motion seeking to dismiss the fifth Counterclaim is granted and the fifth Counterclaim is dismissed.

### b. *Schoolman Compensation*

Defendant asserts in his sixth Counterclaim that the Trustee was unjustly enriched by requiring Defendant to perform tasks from May 7, 2016 to September 5, 2016 without compensating him. However, Defendant fails to make any allegation that the Trustee agreed to compensate him or that the estates benefitted from the completion of any of these tasks. *See In re Kellel*, 2022 WL 24057, at *6. Defendant also fails to explain what task or tasks he is referring to. *See Royal Host Realty, LLC*, 192 F. Supp. 2d at 357. The Court cannot infer from the pleadings that the Trustee personally benefitted from the completion of these vague tasks in any way.

Accordingly, the portion of the Motion seeking to dismiss the sixth Counterclaim is granted and the sixth Counterclaim is dismissed.

### 5. *Attempted Extortion*

A person commits extortion under the New York Penal Law when they compel or induce another person to deliver property to himself or to a third person by means of instilling a fear that, if the property is not so delivered, the actor or another will:

(i)  Cause physical injury to some person to some person in the future; or
(ii)  Cause damage to property; or
(iii)  Engage in other conduct constituting a crime; or
(iv)  Accuse some person of a crime or cause criminal charges to be instituted against him; or

(v)      Expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule; or

(vi)      Cause a strike, boycott or other collective labor group action injurious to some person's business; except that such a threat shall not be deemed extortion when the property is demanded or received for the benefit of the group in whose interest the actor purports to act; or

(vii)      Testify or provide information or withhold testimony or information with respect to another's legal claim or defense; or

(viii)      Use or abuse his position as a public servant by performing some act within or related to his official duties, or by failing or refusing to perform an official duty, in such manner as to affect some person adversely; or

(ix)      Perform any other act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to his health, safety, business, calling, career, financial condition, reputation or personal relationships.

N.Y. PENAL LAW § 150.05(2)(e) (McKinney's 2024).

However, under New York law, "extortion and attempted extortion are criminal offenses . . . that do not imply a private right of action." *Successful Strategies Int'l v. Stephen J. Maloney Mgmt. Applications*, Case No. 08CV3590 (ADS)(ARL), 2009 U.S. Dist. LEXIS 152401, at *17 (E.D.N.Y. Aug. 4, 2009) (quoting *Minnelli v. Soumayah*, 839 N.Y.S.2d 727, 728 (1st Dep't 2007); *see also Ecogensus LLC v. Pacella*, Case No. 2-Cv-3629 (VSB), 2022 WL 874727, at *6 (S.D.N.Y. Mar. 24, 2022) (stating that extortion is not recognized as a tort under New York law)).

Defendant asserts in his eighth Counterclaim that the Trustee committed attempted extortion by offering to forgo a $2 million claw back lawsuit if Defendant canceled his administrative claims and any future Trax Insurance Ltd. dividends. Defendant claims that this cancellation would extort $431,700 from him. These allegations, if true, appear on their face to be a routine settlement offer which would be inadmissible under Federal Rule of Evidence 408, and in any event are not recognized by New York as creating a private right of action for extortion. *Successful Strategies Int'l*, 2009 U.S. Dist. LEXIS 152401, at *17.

Accordingly, the portion of the Motion seeking to dismiss Defendant's eighth Counterclaim is granted and the eighth Counterclaim is dismissed.

### 6. *Destroyed Credit*

The ninth Counterclaim is a claim against the Trustee for "Destroyed Credit." Defendant alleges that the Trustee caused his FICO credit score to decrease from 790 to 536 because the Trustee left Defendant personally liable in the amount of $1.25 million for loans that Defendant himself had personally guaranteed.

Defendant does not cite, and this Court could not find any authority by statute or New York law for a claim of "Destroyed Credit."

Further, it is unclear how the Trustee could be held liable under any other cause of action for damages which resulted from Defendant's own conduct in guaranteeing the loans at issue and then subsequently being called upon his guarantee following Debtors defaulting on said loans.

Accordingly, the portion of the Motion seeking to dismiss the ninth Counterclaim is granted and the ninth Counterclaim is dismissed.

### 7. *Libel and Defamation of Character*

To assert a claim for defamation under New York law, Defendant "must allege (1) a false statement, (2) published to a third party, (3) without authorization or privilege, (4) through fault amounting to at least negligence, which (5) either constitutes defamation per se or causes special damages." *Deaton v. Napoli*, Case No. 17-CV-4592 (RRM) (GRB), 2019 WL 4736722, at *5 (E.D.N.Y. Sep. 27, 2019) (internal quotation marks and citations omitted).

New York and the Second Circuit have long recognized an absolute privilege for

statements made by parties and attorneys "which are in any way pertinent to a litigation." *Bletas v. Deluca*, Case No. 11 Civ. 1777 (NRB), 2011 U.S. Dist. LEXIS 133132, at *30 (S.D.N.Y. 2011) (internal citations omitted). Whether a statement relates to the current litigation is interpreted very broadly to include "anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability". *Id.*; *see also In re Nicholas*, 457 B.R. 202, 221 (Bankr. E.D.N.Y. 2011). The privilege also applies to statements which were made in previous separate, but related pleadings, so long as they were possibly or plausibly material and pertinent to the current proceeding. *See Deaton*, 2019 WL 4736722, at *6–*8 (holding allegedly defamatory statements made in previous pleadings involving the same party were absolutely privileged and not actionable).

Defendant asserts a claim for libel and defamation of character against the Trustee in his tenth Counterclaim regarding statements made about Defendant as set forth in paragraphs 261-293 of the Amended Complaint. The tenth Counterclaim fails as the statements referenced in paragraphs 261-293 of the Amended Complaint fall under the recognized litigation privilege. The relevant statements involve Defendant, the Trustee, and the Debtors, and thus are pertinent and relevant to this current litigation and the privilege applies to all the alleged statements made by the Trustee. *See Bletas*, 2011 U.S. Dist. LEXIS 133132, at *30; *Deaton*, 2019 WL 4736722, at *6–*8.

Accordingly, the portion of the Motion seeking to dismiss the tenth Counterclaim is granted and the tenth Counterclaim is dismissed.

### 8. *Negligence*

To assert a claim of negligence in New York, Defendant must establish (1) a duty was

owed to him by the Trustee, (2) the Trustee breached that duty, and (3) there was an injury which was substantially caused by the Trustee's breach. *See Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015) (quoting *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002)).

Defendant asserts in his eleventh Counterclaim that the Trustee is liable to Defendant for negligence by falsely claiming ownership of a 2004 Toyota Highlander and possessing the title records which allegedly belonged to Defendant. Defendant further asserts that the Trustee kept this file a secret for one year and that, due to this negligence, Defendant lost $7,000.

Here, Defendant fails to properly plead a cause of action for negligence. Defendant makes no reference to any kind of duty that was purportedly owed to him regarding the vehicle, but merely states in conclusory nature that Trustee is negligent. Moreover, Defendant fails to sufficiently allege how the Trustee's purported possession of the title records and the vehicle was a substantial and proximate cause of damages in the amount of $7,000. *See Greenfield v. Suzuki Motor Co.*, 776 F. Supp. 698, 701 (E.D.N.Y. 1991). Here, Defendant does not provide any explanation as to how the Trustee's actions caused such alleged damages. In fact, Defendant provides no factual allegations concerning this Counterclaim apart from Defendant averring that he "lost $7,000 because of the Trustee's negligence." Such a conclusory allegation cannot survive the scrutiny of Rule 12(b)(6).

Accordingly, the portion of the Motion seeking to dismiss the eleventh Counterclaim is granted and the eleventh Counterclaim is dismissed.

### 9. *Demand for Jury Trial*

Bankruptcy Rule 9015 incorporates Federal Rule 38 to bankruptcy proceedings. Federal Rule 38(b) provides that

On any issue triable of right by a jury, a party may demand a jury trial by:

(1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and

(2) filing the demand in accordance with Rule 5(d).

Fed. R. Bankr. Pro. 38(b).

At the time Defendant filed his Answer, he also made a jury demand (the "Jury Demand") on all issues so triable in the Answer.

Defendant's Jury Demand on his Counterclaims is moot as the Counterclaims have now been dismissed in their entirety. The Court will defer ruling on the remaining portion of the Motion requesting to strike the Jury Demand as to the Trustee's claims in the Amended Complaint until after this Court issues a trial scheduling order.

Accordingly, it is hereby

**ORDERED,** that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that all Counterclaims are dismissed.

Dated: August 2, 2024
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge